[Civ. No. 10290.  First Appellate District, Division Two.—August 27, 1936.]

A. W. QUINN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, APPELLATE DEPARTMENT, Respondent.

George D. Collins, Jr., for Petitioner.

J. G. Stamp for Respondent.

NOURSE, P. J.—An alternative writ of mandate was issued upon petitioner's application because the court was in doubt whether the respondent was governed by the same rules of practice and procedure applicable to the Supreme Court and the District Courts of Appeal in relation to the method of placing causes on the calendar for hearing.  The petition disclosed that the appellant, in a cause tried before the municipal court, had duly filed his transcript on appeal, and had paid the necessary fees, but that the clerk had failed to place the cause on the calendar within six months after the record was filed. Manifestly, if this was a duty imposed upon the clerk, as is the case in the other courts of appeal, it would be unfair to penalize the appellant for the clerk's failure.

█ Upon the return of the alternative writ, the question was fully briefed and argued, and, though no authorities cited are applicable, we are satisfied that the duty of calendaring appeals within the time limited is not one imposed alone upon the clerk of the appellate department. Section 988d of the Code of Civil Procedure provides in part, "Every such appeal shall be dismissed as for a failure to prosecute the same, *if the appellant shall fail* to bring the appeal on for hearing within six months after the record on appeal is filed in the superior court." Our interpretation of this portion of the section is that the appellant is charged with the duty of taking such steps as may be necessary to have the appeal placed on the calendar for hearing within the statutory time. If this is done, the matter is then within the control of the court, and the appeal must be heard within that time unless the court, acting under the last proviso of the code section, continues the hearing to a date beyond the six months' period. In this connection, and in answer to the fear expressed by counsel, it is obvious that, if, because of the crowded condition of the calendar and through no fault of the appellant, it is impossible to *hear* the appeal within the statutory period, then the expression found in the last proviso—"the court may continue the hearing"—should be held to be mandatory.

The alternative writ is discharged and the petition is denied.

Sturtevant, J., concurred.